# APRIL 7, 1937

## FRED DICKENS v. THE STATE.

No. 18902.   Delivered April 7, 1937.

The opinion states the case.

*W. C. Dowdy* and *J. W. McCullough,* both of McKinney, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing whisky in containers which are unstamped and bear no valid evidence of the tax being paid; punishment, a fine of $20.00.

Sec. 43 of Art. 1 of the the Texas Liquor Control Act reads as follows:

"If a person shall have in his possession within this state any distilled liquors not contained in a container to which is affixed a stamp or other valid evidence showing the payment of the tax on such liquor due to the State of Texas, he shall be guilty of a misdemeanor and upon conviction shall be fined not less than Ten Dollars ($10.00)," etc.

Appellant was found in McKinney, Collin County, Texas, on December 21, 1935, in possession of three bottles of whisky, same being distilled liquor, upon none of which were any stamps or other valid evidence that the tax had been paid.

He interposed on this trial only the defense that when he bought the whisky he paid forty-five cents per bottle, and was told by the man from whom he bought same in Dallas that the liquor was forty cents per bottle, and that the other five cents was for tax. Said seller gave to appellant what he called a sales slip which contained the statement that a tax of five cents for each bottle of whisky had been paid. Appellant said he put the slip in his pocket, but subsequent search for same failed to discover it.

There were no stamps or other evidence on the bottles showing that the tax had been paid on the liquor. Appellant had been convicted of illegal liquor selling in 1931; had pleaded guilty to two cases at a time when he was charged in thirteen

cases. He seems also to have admitted other prosecutions for violation of the same law.

The statute seems plain. The facts are almost without dispute. None of the contentions brought forward in the twenty-four bills of exceptions have merit. When a statute is as plain as the one under consideration, there seems no need to invoke rules of construction. Nor is the guilt of appellant in this case made by statute in any way dependent on the question of intent. If one be in such haste to possess whisky as that he is unwilling to wait for the Liquor Control Board to furnish the usual and regular form of stamps, the law seems written so as that any valid evidence, showing that the tax has been paid, may be affixed to the container, and be sufficient. The words used in the statute, viz: "affixed" and "valid" are words of ordinary use and well understood, and mean but to fasten or attach physically that which is legally sufficient for the purpose stated. Nothing was attached to or put upon the containers here involved showing any attempted compliance with the law.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*